IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**SEAN R. BROWN, NO. 1083630,**

    Petitioner,

v.                                        **CIVIL ACTION NO. 2:19cv370**

**HAROLD W. CLARKE, Director,
Virginia Department of Corrections,**

    Respondent.

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Sean Brown's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 6, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 12. The matter was referred for disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(j). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 6, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 1999, Petitioner pleaded guilty to charges of murder, abduction with the intent to extort money, robbery, and conspiracy. ECF No. 6 at 1. On September 15, 1999, Petitioner was sentenced in the Circuit Court for the City of Virginia Beach (the "Trial Court") to 80 years imprisonment with 30 years suspended. *Id.* Petitioner initially filed a *pro se* notice of appeal of his conviction in the Court of Appeals of Virginia on October 20, 1999. ECF No. 14 at 2. However, he filed a motion to withdraw that notice of appeal, and the Court of Appeals granted that motion on March 8, 2000. *Id.* On July 18, 2000, Petitioner filed a state petition for a writ of habeas corpus in the Trial Court, alleging ineffective assistance of counsel and factual innocence. ECF No. 6 at 3. The Trial Court dismissed the petition on October 19, 2000. ECF No. 14 at 3. Petitioner appealed to the Supreme Court of Virginia, which refused the petition on May 7, 2001. *Id.*

On May 6, 2002, Petitioner filed his first federal petition for a writ of habeas corpus pursuant to § 2254 in this Court, claiming ineffective assistance of counsel. *Id.*; *Brown v. Angelone*, Civil Action No. 2:02cv321, ECF No. 1. The Magistrate Judge issued a Report and Recommendation that the petition be dismissed on September 23, 2002, which the Court adopted and approved on the basis of untimeliness under § 28 U.S.C. 2244(d)(1) on November 13, 2002. ECF No. 14 at 3. On March 14, 2003, the Fourth Circuit Court of Appeals dismissed the appeal and denied Petitioner's certificate of appealability, and the United States Supreme Court denied certiorari review on October 6, 2003. *Id.* at 3-4.

Petitioner subsequently filed various motions in state court seeking relief.[1] On July 15, 2019, Petitioner filed the present petition for a writ of habeas corpus in this Court, ECF No. 1, and

---

[1] Petitioner filed a Motion to Strike, alleging that the proceedings against him were unlawful, which the Trial Court denied on December 4, 2007. ECF No. 6 at 4. On July 17, 2013, Petitioner filed a Motion to Vacate Judgment in the

filed an Amended Petition on September 27, 2019.[2] ECF No. 6. He alleges various errors including that the indictments were never entered into the Order Book for the Trial Court; that the indictments do not contain the essential elements of the crime as required by law; that the Trial Court failed to assign a civil number to Petitioner's 2018 motion to vacate; and that the Supreme Court of Virginia failed to correct the Trial Court's error in assigning Petitioner's independent action a criminal case number. *Id.* at 5-10.

The Attorney General of Virginia, acting on behalf of the Respondent, filed a Rule 5 response, a Motion to Dismiss, a brief in support, and *Roseboro* notice on December 3, 2019. ECF Nos. 12-15. Petitioner filed a Response in Opposition on December 23, 2019. ECF No. 16. Thus, the Motion to Dismiss is ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Failure to Obtain Authorization to File a Successive Federal Petition

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal district court may only entertain a second or successive petition after the petitioner "move[s] in the [Fourth Circuit] for an order authorizing th[is] [] [C]ourt to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without authorization from the Fourth Circuit, the court is devoid of jurisdiction to consider the claims, and the petition must be dismissed. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).

Petitioner's first federal habeas petition was dismissed by this Court on November 13, 2002, on the grounds that it was untimely under 28 U.S.C. § 2244(d)(1). ECF No. 14 at 3. On

---

Trial Court alleging that he was being held unlawfully. *Id.* at 4. The Trial Court denied the motion on August 2, 2013. *Id.* at 5. On May 8, 2014, the Court of Appeals of Virginia dismissed for lack of jurisdiction Petitioner's petition for a writ of mandamus seeking to have his final judgment declared void ab initio. ECF No. 14 at 4. Petitioner then filed a motion to vacate the judgment in an independent action in equity, challenging the original indictments. *Id.* The trial court denied the motion on August 9, 2018, and the Supreme Court of Virginia refused Petitioner's appeal on June 10, 2019. *Id.*

[2] Petitioner also filed a Supplement to the Petition on September 19, 2019. ECF No. 8.

3

March 14, 2003, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal and denied a certificate of appealability because it found that Petitioner failed to make the requisite showing to overcome a dismissal on procedural grounds. *Id.*; *Brown v. Angelone*, No. 02-7922. The United States Supreme Court denied certiorari review on October 6, 2003. ECF No. 14 at 4. Over seventeen years after filing the previous petition, Petitioner filed the instant habeas petition in this Court. ECF No. 6 at 1.

Before filing the instant petition, however, Petitioner failed to first obtain authorization from the United States Court of Appeals for the Fourth Circuit to file a second, or successive, habeas petition, as the AEDPA requires him to do.[3] 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) ("[B]efore the district court may accept a successive petition for filing, the *court of appeals* must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions."). Petitioner notified the Fourth Circuit upon filing the instant habeas petition in this court (*see* ECF No. 16 at 23), however such notice does not constitute a request for a certificate of appealability, nor does the letter in response from the Fourth Circuit constitute a grant of a certificate of appealability. *See* ECF No. 16 at 23. A certificate of appealability will only issue when a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Until Petitioner submits a motion for a certificate of appealability in the Fourth Circuit and such certificate is granted, he cannot obtain review of a second federal habeas petition in this Court.[4]

---

[3] ECF No. 14 at 4. Petitioner does not argue that the Fourth Circuit has authorized him to file a successive petition, nor is there any indication of such an authorization in PACER.

[4] Nor has Petitioner alleged any grounds that would save his petition from dismissal under 28 U.S.C. § 2244(b)(1)-(3). *See Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (noting AEDPA's three requirements for a second or successive habeas petition: (1) "any claim that has already been adjudicated in a previous petition must be dismissed"; (2) "any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence"; and (3) "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet [the] new-rule or actual innocence provisions.")

4

Without such authorization from the United States Court of Appeals for the Fourth Circuit, this Court has no discretion to address the merits of Petitioner's claims, and must dismiss the petition on this basis alone. 28 U.S.C. § 2244(b)(1), (4). Therefore, the undersigned would find that this petition is a second, or successive, habeas petition filed by Petitioner without authorization from the United States Court of Appeals for the Fourth Circuit, and recommends that this petition be dismissed as an unauthorized filing.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss and Rule 5 Answer, ECF No. 12, be **GRANTED**, and the Petition, ECF No. 6, be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to re-file another petition after he receives authorization from the United States Court of Appeals for the Fourth Circuit.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings of recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment

of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied* 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 10, 2020